IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00856-GPG

DANNY RAY BAUSICK,

     Plaintiff,

v.

CCS (Correctional Care Solutions), and
WELD COUNTY JAIL,

     Defendants.

---

ORDER OF DISMISSAL

---

Plaintiff, Danny Ray Bausick, is an inmate at the Weld County Jail in Greeley, Colorado.  Mr. Bausick has filed *pro se* a Prisoner Complaint (ECF No. 1) seeking damages pursuant to 42 U.S.C. § 1983.  Mr. Bausick has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  Therefore, the Court must dismiss the action if Mr. Bausick's claim in the Prisoner Complaint is frivolous.  *See* 28 U.S.C. § 1915(e)(2)(B)(i).  A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim.  *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989).  For the reasons stated below, the Court will dismiss the action as legally frivolous.

The Court must construe the Prisoner Complaint liberally because Mr. Bausick is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  If the Prisoner Complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the

Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110.  However, the Court should not be an advocate for a *pro se* litigant.  *See id.*

Mr. Bausick asserts one claim for relief in the Prisoner Complaint titled "my safety and well being" alleging he was stabbed with a used syringe or needle left in his jail mattress.  He describes the factual basis for his claims as follows:[1]

> I found the Needle in my Mattris on 3-2-15 When I Was
> Making it up that day of 3-2-15 I was on the Top Bunk at the
> time.  Well I Was on My Knees and I moved My one knee up
> and thats When it stuk me.  I was scard and dident No What
> to do I Was think Bad thing like Catching HIV or Hepatis or
> what ever elles.

(ECF No. 1 at 4.)

As noted above, Mr. Bausick asserts this claim pursuant to 42 U.S.C. § 1983. Section 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights."  *Conn v. Gabbert*, 526 U.S. 286, 290 (1999).  The Court construes Mr. Bausick's § 1983 claim liberally as a constitutional claim.  Regardless of whether Mr. Bausick is a detainee or serving a sentence at the Weld County Jail, his constitutional claim is governed by Eighth Amendment standards.  *See Craig v. Eberly*, 164 F.3d 490, 495 (10th Cir. 1998) (applying Eighth Amendment standards to pretrial detainee's due process claim challenging conditions of confinement).

---

[1]The Prisoner Complaint is quoted verbatim without correcting or identifying errors in grammar or spelling.

"The Eighth Amendment's prohibition of cruel and unusual punishment imposes a duty on prison officials to provide humane conditions of confinement, including adequate food, clothing, shelter, sanitation, medical care, and reasonable safety from bodily harm." *Tafoya v. Salazar*, 516 F.3d 912, 916 (10th Cir. 2008). In order to assert a cognizable claim under the Eighth Amendment, Mr. Bausick must allege that prison officials were deliberately indifferent to a substantial risk of serious harm. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Stated another way, Mr. Bausick must demonstrate both that the injury he suffered was sufficiently serious and that prison officials acted with deliberate indifference. *See Tafoya*, 516 F.3d at 916. Deliberate indifference means that "a prison official may be held liable . . . only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer*, 511 U.S. at 847. That is, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

Mr. Bausick's Eighth Amendment claim is legally frivolous because the facts he alleges do not rise to the level of deliberate indifference. In particular, Mr. Bausick does not allege that jail officials had actual knowledge of the needle in his mattress and failed to take reasonable action to remove the needle or otherwise prevent his injury. Even if the Court assumes jail officials were grossly negligent in failing to discover the needle in the mattress, the Eighth Amendment claim still lacks merit because deliberate indifference requires a higher degree of fault than gross negligence. *See Berry v. City of Muskogee*, 900 F.2d 1489, 1495 (10th Cir. 1990).

Putting aside Mr. Bausick's failure to allege facts that demonstrate deliberate

3

indifference, his § 1983 claim against the named Defendants also fails for other

reasons.  First, Mr. Bausick may not sue the Weld County Jail because the Weld

County Jail, which is not a separate legal entity from Weld County, is not a person

subject to suit under 42 U.S.C. § 1983.  *See Stump v. Gates*, 777 F. Supp. 808, 814-16

(D. Colo. 1991), *aff'd*, 986 F.2d 1429 (10th Cir. 1993).

Second, even construing the Prisoner Complaint liberally as asserting a claim

against Weld County, Mr. Bausick may not sue a municipality like Weld County in a civil

rights action pursuant to § 1983 unless he can demonstrate he suffered an injury

caused by a municipal policy or custom.  *See Schneider v. City of Grand Junction*

*Police Dept.*, 717 F.3d 760, 769-71 (10th Cir. 2013) (discussing Supreme Court

standards for municipal liability); *Dodds v. Richardson*, 614 F.3d 1185, 1202 (10th Cir.

2010).  Similarly, "[t]he established principles of municipal liability have been found to

apply to § 1983 claims brought against private corporations" providing medical care to

inmates like Correctional Care Solutions.  *Rhodes v. Physician Health Partners (PHP)*,

2010 WL 728213 at *5 (D. Colo. Feb. 24, 2010); *see also Dubbs v. Head Start, Inc.*, 336

F.3d 1194, 1216 (10th Cir. 2003) (holding that traditional municipal liability principles

apply to claims brought pursuant to 42 U.S.C. § 1983 against private corporations).

Mr. Bausick fails to allege that the injury he suffered was caused by an official

policy or custom of either Weld County or Correctional Care Solutions.  Therefore, the

constitutional claim against Weld County and Correctional Care Solutions also is legally

frivolous for that reason.

For these reasons, the Prisoner Complaint is legally frivolous and must be

dismissed.  The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal

from this order would not be taken in good faith and therefore *in forma pauperis* status

will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438

(1962).  If Plaintiff files a notice of appeal he also must pay the full $505 appellate filing

fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals

for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the Prisoner Complaint and the action are dismissed as legally

frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is

denied without prejudice to the filing of a motion seeking leave to proceed *in forma*

*pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this  28th  day of     April        , 2015.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court